FILED
JUN 0 6 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY　　　　　DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Cr. No. 11-0006GT |
| v. | ) ORDER |
| JORGE MEDINA-FRUCTUOSO, | ) |
| Defendant. | ) |

On May 6, 2011, Defendant, Jorge Medina-Fructuoso ("Mr. Medina"), filed a Motion to Withdraw Guilty Plea ("Motion") under Federal Rule of Criminal Procedure 11(d)(2)(B). The Court has fully considered this matter including a review of his brief, the authorities cited therein and the arguments presented. For the reasons stated below Mr. Medina's Motion is **DENIED**.

### BACKGROUND

On January 24, 2011, Mr. Medina pled guilty, pursuant to a written plea agreement, to a one count Information charging him with Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). In the written plea agreement, the parties agreed to a +4 under §2L1.2(b)(1)(D) for a prior felony conviction for Deported Alien Found in the United States. The parties recommended that the Court order a Presentence Report ("PSR") or a

criminal history report. Additionally, the parties also agreed that, if prior to sentencing, contrary or additional information was discovered which changed the defendant's applicable Specific Offense Characteristics calculation ("SOC"), the Government could recommend a sentence based on any such changes.

Pursuant to the parties recommendation and Court order, Probation prepared a PSR. In the Criminal Conviction section, the PSR reported a recent 2008 felony conviction for Resist Arrest, Causing Death/Serious Bodily Injury, which scored 3 points. In calculating the applicable guidelines, the Probation Officer stated that this prior conviction warranted a SOC of + 16 because it was a crime of violence under § 2L1.2(b)(1)(A)(iii).

Mr. Medina now seeks to withdraw his guilty plea because "[t]he +16 allegation upsets the settled expectation of the parties because it was not contemplated by the parties at the time of plea negotiations or at the time of the plea.."

## CONCLUSIONS OF LAW

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw his guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim Pro. 11(d)(2)(B) "Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawal of his plea even if the plea is otherwise valid." United States v. Davis, 428 F.3d 802, 806 (9th Cir. 2005). The Ninth Circuit has stated that "[f]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." Davis, 428 F.3d at 805. Erroneous or inadequate legal advice may also constitute a fair and just reason for withdrawal of the plea. Davis, 428 F.3d at 806. While a defendant may not withdraw his guilty plea "simply on a lark," the "fair and just" standard is generous and is liberally applied. United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008) (quoting United States v. Hyde, 520 U.S. 670, 676-77 (1997)). The defendant bears the burden of showing that withdrawal of his guilty plea is warranted. McTiernan, 546 F.3d at 1166-67. The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. McTiernan, 546 F.3d at

1166.

Mr. Medina argues that he "did not have adequate information at the time he pleaded guilty." He also argues that Probation's +16 recommendation for a crime of violence for his 2008 felony conviction of resisting arrest and death/serious bodily injury to a police officer "upsets the settled expectation of the parties." Essentially, Mr. Medina seeks to withdraw his guilty plea simply because the Probation Officer recommended a +16 for his 2008 conviction. Although he claims that he did not have adequate information at the time of his plea, he does not state what information he was missing or how this affected his case. The parties agreed, in the written plea agreement, to recommend a PSR, which always includes guideline calculations and a sentencing recommendation. Furthermore, the parties also agreed, in the written plea agreement, that if contrary or additional information came to light prior to sentencing that changed the defendant's SOC, that the government could recommend a different sentence based on the new information. Hence, Mr. Medina was aware of the possibility that there would be a PSR and that the SOC calculation could change. Mr. Medina has not argued that he did not know about the prior conviction, nor that his counsel's advice was erroneous or inadequate, only that the Probation Officer's recommendation "upsets the settled expectations of the parties." That the Probation Officer recommended a different sentence that the one contemplated by the parties is not a "fair and just" reason to withdraw a guilty plea. Accordingly,

**IT IS ORDERED that** Mr. Medina's Motion to Withdraw his Guilty Plea is **DENIED.**

**IT IS SO ORDERED.**

June 6th 2011
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel